

# THE ATTORNEY GENERAL
# OF TEXAS

February 13, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Bob Bullock                  Opinion No. JM-1016
Comptroller of Public Accounts
L.B.J. State Office Building           Re:  Whether certain activi-
Austin, Texas   78774                  ties    of    an   independent
                                       claims investigator  or  ad-
                                       justor constitute a   taxable
                                       insurance     service     under
                                       section  151.0039   of    the
                                       Insurance Code, and   related
                                       questions     (RQ-1564)

Dear Mr. Bullock:

The second  called  session  of  the  70th  Legislature amended the Texas  Limited Sales, Excise,  and Use Tax  Act, chapter  151 of  the  Tax  Code,  to  create  several    new categories  of   taxable  services,   including   insurance services.  Tax Code § 151.0101(a)(9).  See Acts 1987,  70th Leg., 2d C.S., ch. 5, art. 1, pt. 4, § 12.

The legislature defined "insurance service" as follows:

> (a)  'Insurance service'  means  insurance loss or damage  appraisal, insurance  inspec- tion,  insurance   investigation,   insurance actuarial  analysis  or  research,  insurance claims adjustment  or claims  processing,  or insurance loss prevention service.

> (b)  'Insurance service' does not  include insurance coverage  for  which a  premium  is paid or commissions paid to insurance  agents for  the  sale of  insurance  or  annuities. (Emphasis added.)

Tax Code § 151.0039, as  added by Acts  1987, 70th Leg.,  2d C.S., ch. 5, art. 1, pt. 4, § 6.

In your letter requesting an  opinion, you note that  a number of  businesses  specialize in  providing  independent claims  investigations   and   adjustments   for    insurance companies, individuals  pursuing  claims  against  insurance

companies, and attorneys representing insurance companies or claimants. You also note that such firms investigate whether an accident covered by insurance or workmen's compensation occurred and the cause and extent of the damages covered by an insurance or workmen's compensation policy.

You first ask:

> If these services are retained by an insurance company in connection with the resolution of an insurance claim, is this a taxable insurance service under § 151.0039 of the Tax Code?

We think that the exclusion of "coverage for which a premiums is paid" from the definition of "insurance service" simply means that a transaction that consists of the payment of a premium for insurance coverage is not a taxable event. It does not mean that any expenditure for which the premium is ultimately used by the insurer is not a taxable event.

Further, the definition of "insurance service" expressly includes the items you ask about. Thus, the suggested reading of the plain language of the Tax Code would render the provision making insurance services a taxable item meaningless. The legislature cannot have intended such an absurd result. See, e.g., City of Houston v. Allred, 71 S.W.2d 251 (Tex. 1934).

You next ask:

> If question 1 is answered 'yes,' if these services are retained by an insurance company after it has made an offer of claims settlement and has been sued by the insured, would this still be a taxable insurance service under § 151.0039 of the Tax Code?

We do not believe that the timing of the engagement of an insurance service firm makes any difference.

You next ask:

> If these services are retained by the insured as an aid to his determination of whether he has a valid claim or should accept an insurance company's settlement offer rather than being retained by the insurance company, would this be a taxable insurance

service under § 151.0039 of the Tax Code?
(Our emphasis.)

The statute provides no basis for distinguishing among purchasers of insurance services.

Finally, you ask:

Does taxability turn on whether the services are retained by a private individual, by an attorney, or by an insurance company?

Again, the statute provides no ground for the distinctions you suggest.

## S U M M A R Y

The exclusion of "insurance coverage for which a premium is paid" from the definition of "insurance coverage" simply means that a transaction that consists of the payment of a premium for insurance coverage is not a taxable event. It does not mean that any expenditure for which the permium is ultimately used by the insurer is not a taxable event.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by D. R. Bustion, II
Assistant Attorney General